UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00640-RJC-SCR

| | |
|---|---|
| SYLVESTER JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| HONEYWELL INTERNATIONAL, ) | |
| INC., SOFIE R. LUTFY, and ) | |
| AMANDA TONY, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendant Sofie R. Lutfy's Motion to Dismiss, (Doc. No. 16), Defendant Amanda Tony's Motion to Dismiss, (Doc. No. 18), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 27), recommending that this Court grant Defendants' motions, Plaintiff's Objection to the M&R, (Doc. No. 28), Defendants' reply (Doc. No. 29), and other documents of record. For the reasons explained below, the Court **ADOPTS** the M&R and **GRANTS** Defendants' Motions to Dismiss.

I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R and discusses relevant portions herein. Plaintiff originally filed the present action in Mecklenburg County Superior Court, and Defendants removed it to this Court. (Doc. No. 1). In his Amended Complaint, Plaintiff Sylvester

1

Johnson, a 62-year-old African American man and ordained Christian minister, alleges various forms of discrimination in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and 42 U.S.C. § 1981, as well as state public policy claims against Defendant Honeywell International, Inc. (Doc. No. 15). Relevant to the present discussion, Plaintiff also asserts a state law claim for tortious interference with contract against Defendants Lutfy and Tony. (*Id.*).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A)–(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* (citations omitted). Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc.*

2

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

The M&R recommends the Court grant Defendants Lutfy's and Tony's motions to dismiss Plaintiff's tortious interference with contract claim. (Doc. No. 27 at 12). Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Plaintiff objects to the M&R on three grounds: (1) Plaintiff pled sufficient facts to "show that his tortious interference claims have substantive plausibility"; (2) the M&R incorrectly "confers an absolute privilege to employees – non-outsider – who lodge complaints of sexual harassment even if those allegations are false"; and (3) the M&R failed to specify whether the recommendation of dismissal is with prejudice. (Doc. No. 28 at 2–3).

**1. Sufficiency of the Pleadings**

Plaintiff first objects to the M&R's conclusion that Plaintiff failed to plead sufficient facts to support the fourth element of a tortious interference with contract claim—that Defendants "acted without justification." (Doc. No. 28 at 10). The M&R, "[a]ssuming arguendo" that Plaintiff pled sufficient facts to satisfy the third element, nevertheless concluded that he failed to plausibly allege the fourth element. (Doc. No. 27 at 8). The M&R explained that Defendants Lutfy and Tony

3

are "non-outsiders"[1] to Plaintiff's employment contract with Honeywell, and as such, they "are entitled to a qualified privilege and their actions are presumed to have been done in the interest of the corporation and are therefore 'justified'" absent any evidence of "legal malice." (*Id.* at 8–10 (citations omitted)). The M&R concluded that Plaintiff's "sparse pleading" fails to overcome this presumption of justification because "the Amended Complaint establishes no more than Plaintiff has a subjective belief that the complaint Defendant Lutfy made to Human Resources was 'false' while Plaintiff has pled little to no additional allegations in support." (*Id.* at 10, 12). The M&R notes that regarding Defendant Tony, "the Amended Complaint is even more speculative" as the only allegation against her states she communicated with Defendant Lutfy. (*Id.* at 11–12).

Plaintiff, restating arguments already made, objects on grounds that his Amended Complaint satisfies the threshold to survive a motion to dismiss. (Doc. No. 28 at 11). Plaintiff points to his pleadings that Defendants Lutfy's harassment complaint was neither objectively reasonable nor done in good faith, and Defendants "were motivated to file false claims against him to promote their own career interests and/or because his expressed Christian religious beliefs concerning marriage did not align with their views regarding marriage and/or because of his race." (*Id.* at 11–12 (citation omitted)). Plaintiff further reiterates that his conduct did not amount to harassment, and while he did mention his religious beliefs with

---

[1] The M&R correctly defined a "non-outsider" as someone who "is not a party to the terminated contract but 'had a legitimate business interest of his own in the subject matter.'" (Doc. No. 27 at 8 (citations omitted)).

4

Defendant Lutfy during a work dinner, he did not discuss any sexual, pornographic, or otherwise inappropriate content. (*Id.* at 12). Plaintiff acknowledges that he exchanged Teams messages with Defendant Lutfy asking if she had lunch plans but reiterates that he did not make any sexual comments. (*Id.* at 13).

Plaintiff fails to state a specific objection directing the Court to a specific error in the M&R or otherwise rebut its sound reasoning. Nevertheless, having conducted a full review of the M&R and relevant documents of record, the Court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's claim against Defendants Lutfy and Tony. As the M&R correctly acknowledged, "tortious interference claims against non-outsiders generally fail because plaintiffs cannot satisfy the fourth element of the tort." *Benjamin v. Sparks*, 173 F. Supp. 3d 272, 290 (E.D.N.C. 2016) (citing cases). A plaintiff "merely alleging an improper actual or primary motive will not suffice. Instead, the 'complaint must admit of no motive for interference other than malice.'" *Id.* (citing cases). For the reasons stated in the M&R, the Court agrees that Plaintiff failed to plausibly allege the fourth element of a tortious interference with contract claim.

**2. Non-Outsider Privilege**

The content of Plaintiff's second objection largely resembles his first objection. Plaintiff objects on the ground that the M&R erred in conferring on employees who lodge complaints of sexual harassment an absolute immunity from tortious interference claims. (Doc. No. 28 at 18). The M&R stated that "Defendants Lutfy and Tony have a legally protected right to come forward with complaints of

5

behavior they believe to be workplace harassment." (Doc. No. 27 at 11 (citation omitted)). The M&R emphasized that "[t]his is a bedrock principle of federal employment law." (*Id.* (citing *Cupples v. AmSan, LLC d/b/a Maint. Supply Co.*, No. 3:04-CV-574-W, 2007 WL 1075178, at *9 (W.D.N.C. Mar. 30, 2007), *aff'd sub nom. Cupples v. AmSan, LLC*, 282 F. App'x 205 (4th Cir. 2008))). The M&R quoted *Cupples*:

> In light of the rights and obligations imposed by Title VII, the social interest in ensuring free and open channels of communication between an employer and its employees for the purpose of reporting and redressing suspected sexual harassment is so compelling that the Court has found no reported decision failing to recognize the availability of a privilege defense, at least in the absence of malicious and wantonly false accusations.

*(Id.* (quoting *Cupples*, 2007 WL 1075178, at *9)).

Plaintiff urges that "[w]hile actual victims of sexually harassing behavior have a legally protected right to lodge internal complaints about such behavior, *Cupples* makes clear that right is not absolute." (Doc. No. 28 at 18 (citing *Cupples*, 2007 WL 1075178, at *9)). Plaintiff repeats the well-acknowledged principle that "the privilege can be lost if the defendant acts without justification." (*Id.*). Plaintiff further contends that while the privilege seeks to protect victims from retaliatory employment actions taken by the employer, Title VII does not supplant state tort laws. (*Id.* at 18–19 (citing 42 U.S.C. §§ 2000e-3(a), 2000e-7)). Plaintiff restates the law regarding the privilege and echoes his arguments regarding the sufficiency of his pleadings.

Plaintiff further reiterates arguments already made—that Defendant Lutfy does not have an actionable claim for Title VII, thus establishing she acted without

6

justification in reporting Plaintiff. Plaintiff argues the M&R "wholly dismissed the holding in *Clark County Sch. Dist. v. Breedan*, 532 U.S. 268 (2001)," in which the Supreme Court articulated the standard for actionable sexual harassment claims. (*Id.* at 20). Further, Plaintiff argues the M&R unjustifiably relied on *Boyer-Liberto* as the facts therein are "inapposite to this case." (*Id.* at 21); *see Boyer-Liberto v. Fountainbleu Corp.*, 786 F.3d 264 (4th Cir. 2015). Similarly, Plaintiff argues the M&R's reference to *Wilkes* "is not particularly instructive." (*Id.* at 22); *see Wilkes v. Argueta*, No. 1:16CV260, 2017 WL 1215749, at *6 (M.D.N.C. Mar. 31, 2017). Plaintiff proposes that his lack of direct evidence regarding Defendants Lutfy's and Tony's motives should not prevent him from proceeding into discovery because "[t]he requirement of nonconclusory factual detail at the pleading stage is tempered by the recognition that a plaintiff may only have so much information at his disposal at the outset." (*Id.* at 22).

To the extent that Plaintiff restates arguments already presented to the Magistrate Judge or asserts that the M&R fails to sufficiently acknowledge those arguments, de novo review is not required. *Orpiano*, 687 F.2d at 47. Insofar as Plaintiff suggests that the Magistrate Judge misapplied the relevant law, the Court disagrees. Having conducted a full review of the M&R, Plaintiff's objection, and relevant documents of record, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's claim for tortious interference of contract should be dismissed for the reasons discussed in the M&R. The M&R correctly recognized that the privilege available to non-outside employees is a qualified privilege. (Doc. No. 27

7

at 10). As mentioned multiple times by the M&R and within this Order, an employee can lose this privilege by acting without justification, i.e., acting maliciously. *Varner v. Bryan*, 113 N.C. App. 697, 701–702 (citing *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E.2d 282 (1976)) (citations omitted). The law does not require—nor does the M&R suggest—that Defendants must have a viable Title VII claim to hold the privilege. Rather, a non-outsider, like Defendant Lutfy or Tony, has "a *qualified* right to bring about the termination of another's terminable contract of employment when, in good faith, he believes this to be necessary to protect his own legitimate business interest or to perform his own fiduciary duty to the employer." *Albright v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:17-cv-00461-FDW-DSC, 2017 U.S. Dist. LEXIS 199763, at *14 (W.D.N.C. Dec. 5, 2017) (quoting *Smith v. Ford Motor Co.*, 289 N.C. 71, 88, 221 S.E.2d 282, 292–93 (1976)) (emphasis in original) (alteration omitted).

> The North Carolina Supreme Court explains the rule:
>
> A non-outsider's actions, then, are presumed justified, and the presumption can only be overcome by a showing that the non-outsider acted with malice. *Ford Motor Co.*, 289 N.C. at 87–88, 91, 221 S.E.2d at 292, 294. Essentially, the claimant "must allege facts demonstrating that [the] defendant's actions were not prompted by legitimate business purposes." *Embree*, 330 N.C. at 500, 411 S.E.2d at 926 (cleaned up). "General allegations which characterize defendant's conduct as malicious are insufficient as a matter of pleading." *Spartan Equip. Co. v. Air Placement Equip. Co.*, 263 N.C. 549, 559, 140 S.E.2d 3, 11 (1965). Further, "[i]n order to survive dismissal, a complaint alleging tortious interference must admit of no motive for interference other than malice." *Wells Fargo Ins. Servs. USA, Inc. v. Link*, 372 N.C. 261, 285 (2019) (cleaned up).

*Button v. Level Four Orthotics & Prosthetics, Inc.*, 380 N.C. 459, 468, 869 S.E.2d 257, 265 (2022) (applying the privilege to a corporate non-outsider); *see Cupples*,

2007 U.S. Dist. LEXIS 24496, at *30 (noting the privilege is presumed absent "evidence supporting a conclusion that the individual defendants acted in bad faith or otherwise lacked a reasonable belief in the truth of the accusations"). A non-outsider lacks justification and acts with malice when "he does a wrongful act or exceeds his legal right or authority in order to prevent the continuation of the contract between the parties." *Bloch v. Paul Revere Life Ins. Co.*, 143 N.C. App. 228, 240, 547 S.E.2d 51, 60 (2001) (citation omitted); *see Cho v. Duke Univ.*, No. 1:18CV288, 2020 U.S. Dist. LEXIS 9524, at *37 (M.D.N.C. Jan. 21, 2020) ("Bad motive is the essence of a claim for tortious interference with contract." (quoting *Bloch*, 143 N.C. App. at 239, 547 S.E.2d at 59 (2001))).

The Court agrees with the M&R's sound development of the law and its emphasis on the importance of this privilege in protecting employees. (Doc. No. 27 at 7–12). The Court observes that Plaintiff's allegations lack factual support beyond his own perspective. Plaintiff fails to plausibly allege that Defendant Lutfy or Tony had a malicious motive. Rather, Plaintiff makes insufficient conclusory allegations—that Defendants Lutfy and Tony were motivated to complain about Plaintiff to advance their careers and because of his race and religious views. (Doc. No. 15 ¶¶ 82, 86). Further, Plaintiff fails to plausibly allege that malice was Defendants' sole motive. *See Benjamin*, 173 F. Supp. 3d at 290; (Doc. No. 27 at 10 n.1); *see* (Doc. No. 15 ¶¶ 20–22 (Plaintiff suggested Defendant Lutfy meet him for dinner, which occurred outside of work hours and in Concord)).

9

For the reasons already discussed, and for the reasons stated in the M&R, the Court finds that Plaintiff failed to plausibly allege the fourth element of a tortious interference with contract claim, and Defendants Lutfy and Tony may enjoy the privilege available to non-outsiders. Therefore, the Court adopts the Magistrate Judge's recommendation to dismiss the tortious interference with contract claim against Defendants Lutfy and Tony.

### 3. Dismissal With Prejudice

Regarding Plaintiff's third objection asking for clarification on whether the M&R recommends dismissal with prejudice, "[c]ourts have held that, unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 207 L. Ed. 2d 132 (2020); *Carter v. Norfolk Community Hospital Asso.*, 761 F.2d 970, 974 (4th Cir. 1985) ("A district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice."). Accordingly, this Court interprets the M&R as recommending dismissal with prejudice and for that reason and those stated herein, dismisses Plaintiff's claim against Defendants Lutfy and Tony with prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 27), is **ADOPTED**;
2. Defendant Lutfy's Motion to Dismiss, (Doc. No. 16), is **GRANTED**; and

10

3. Defendant Tony's Motion to Dismiss, (Doc. No. 18), is **GRANTED**.

Signed: February 26, 2025

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge